# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2018

Lyle W. Cayce
Clerk

No. 17-20512
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADARRION DEONTE CHRISTIE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-117-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Adarrion Deonte Christie pleaded guilty to carjacking and to using, brandishing, and discharging a firearm during and in relation to a crime of violence; he received a within-guidelines sentence of 51 months in prison for the carjacking and a consecutive 120-month sentence for the firearm offense. On appeal, Christie contends that his sentence is procedurally unreasonable because the district court failed to give reasons. We review a sentence to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determine whether the district court committed a significant procedural error, including "failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Because Christie did not object in the district court to the adequacy of the reasons for the sentence, we review for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To prevail on plain error review, Christie must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*; *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (discussing plain error review and focusing on the discretionary fourth prong).[1]

At sentencing, the district court listened to Christie's arguments for a lower sentence, including his time spent in state custody, for which he would not receive credit against his federal sentence; his acceptance of responsibility and admission to other offenses; and the likelihood of rehabilitation given his youth and strong family support. Far from being a passive observer at the hearing, the district judge was meaningfully engaged in the process, asking questions and making comments throughout. The court's statements at the hearing reflect its concerns that Christie was the one who wielded a firearm and caused serious injury to the victim, his acknowledgment that he had participated in other violent crimes, and his inadequate explanations for choosing to embark on a path of criminal activity. Even if the district court "might have said more," the record makes clear that the court considered "the

---

[1] Christie does not contest the actual calculation of the guidelines; further, we do not reach the fourth prong because we conclude that the district court did not commit a clear or obvious error.

evidence and arguments," and its statement of reasons for the sentence imposed was "legally sufficient." *Rita v. United States*, 551 U.S. 338, 358-59 (2007); *see also Mondragon-Santiago*, 564 F.3d at 360 (stating that the reasons must be sufficient to permit the appellate court to conduct a meaningful review). Thus, Christie has not shown a clear or obvious error with respect to the adequacy of the reasons for the sentence imposed. *See Puckett*, 556 U.S. at 135. Moreover, Christie has not shown any limitations on the court's reasons affected his substantial rights, as he has not established that a more thorough explanation would have resulted in a lower sentence. *See Mondragon-Santiago*, 564 F.3d at 364-65; *United States v. Whitelaw*, 580 F.3d 256, 263-64 (5th Cir. 2009) (a case involving an above-guidelines sentence concluding that there is no effect on substantial rights when the district court's reasoning can be discerned from the record).

Accordingly, the judgment of the district court is AFFIRMED.